GLOBE WOOLEN CO., Appellant, v. UTICA GAS & ELECTRIC CO., Respondent. (Supreme Court, Appellate Division, Third Department. September 21, 1915.) Action by the Globe Woolen Company against the Utica Gas & Electric Company.

PER CURIAM. Judgment modified so as to provide that ·the cancellation of ·the·contracts in suit shall be only on condition that the defendant pay to .the plaintiff $21,601.48, being the amount paid by plaintiff for installation of electrical equipment, with interest from September 14, 1911, and ·the costs of this action. Upon making-such payments the ,defendant shall have ·the right to remove'· such equipment so far as removal can be had,. without materially interfering with plaintiff's business or material injury to its property; if any injury to the property be caused by such removal, the defendant shall compensate the plaintiff therefor. The clutch system and improvements placed in the mills, other than as part· of the original electrical equipment above specified, by the defendant, shall remain there and shall be the property of the plaintiff, except such parts thereof as are connected ·with and used solely with the electrical equipment or appliances and the· removal of which will not interfere with the operation of the mills by steam, which defendant may remove. All claims of the defendant against the plaintiff for electricity furnished for power purposes, prior to September 14, 1911, and all claims of the plaintiff against the defendant for coal furnished and for supplies other than coal, amounting to $2,015.72, and upon the guarantee of a saving of $300 a month as to· each mill, and all other claims by either party against the other arising out of or under said contracts, prior to September 14, 1911, shall be deemed canceled. Within 30 days after the entry of this judgment, taxation of costs, and notices thereof; the defendant shall notify the plaintiff whether it elects to accept the conditions under which these contracts are canceled, and shall make tender of the payments heretofore named. In case of the failure to so elect and make such tender, the contracts shall be deemed valid and binding, and the plaintiff may apply to the court for the assessment of damages as for a contract broken, which damages and costs it shall then be entitled to. After the payments are made, unless the parties shall agree as to the time, place, and manner of the removal of the fixtures and the articles to be removed, and the restoration of the building as herein provided, the same shall be· done at defendant's expense under and pursuant to the directions of a referee to be appointed by the special term.· As thus modified the judgment is ·affirmed without costs. The court bases this decision upon its finding

that Maynard was not guilty of active fraud or bad faith in the transaction.

KELLOGG and LYON, JJ., vote for reversal, they finding that the contracts were made in good faith and that the fact that Maynard was a director in the defendant company did not influence it or have anything to do with their making or affect their validity, that the contracts, however, resulted solely from a mutual mistake of fact, and the defendant should be allowed to rescind for that reason upon the terms stated in the decision made; basing the right to rescission solely upon that ground they approve of the relief granted by the judgment directed. See, also, 166 App. Div. 964, 151 N. Y. Supp. 1118.